CONGER, Respondent, vs. DINGMAN, Appellant.

*January 17 — February 8, 1898.*

*Appeal: Printed briefs: Reversal: Evidence.*

1 In a case where the evidence extends over a hundred printed pages, a brief in which no specific assignment of errors is made and no specific error of fact is pointed out or relied on, except the general contention that the judgment should have been given in favor of the appellant, is criticised for failure to comply with Supreme Court Rule IX.

2. The fact that different minds might well arrive at opposite conclusions upon a consideration of the evidence is not a ground for disturbing findings of the trial court which are well sustained by competent evidence.

APPEAL from a judgment of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Smith & Pierce,* and for the respondent on that of *E. D. McGowan.*

PINNEY, J. This was an action by the plaintiff to recover from the defendant for his services in assisting him in negotiating and completing a sale of the defendant's farm, for which the plaintiff claims it was agreed that he was to have all that the farm sold for in excess of $68 per acre, and it was claimed that it sold for $70 per acre, whereby the defendant became indebted to him for such services in the sum of $140, of which $15 had been paid. The answer was a general denial.

Upon a trial in the municipal court for Rock county, judg-ment was given in favor of the defendant, from which the plaintiff appealed to the circuit court, where the case was heard upon the evidence returned to that court, which had been taken by a shorthand writer at the trial. Upon hear-ing the appeal, the circuit court reversed the judgment of the municipal court, and gave judgment in favor of the plaintiff for $111.16 and costs, from which the defendant appealed to this court.

There is no question of law involved, and the only ques-tion is a question of fact, depending almost entirely upon the credibility of the parties as witnesses in their own be-half. The evidence extends over a hundred printed pages, and there was no assignment of errors, and no specific error of fact is pointed out or relied on, except the general con-tention that judgment should have been given in favor of the defendant. We have had frequent occasion to criticise the failure of counsel in the preparation of briefs to comply with the requirements of rule IX, which was designed to facilitate the examination of cases, and we feel that it is due to the court to say that hereafter the rule will be strictly enforced. The rule requires each party to prepare and print a brief, "and each statement and proposition therein, which is based upon the record, must refer to the page of the record as contained in the printed case upon which the same is based." The brief of the appellant must contain a concise statement "of the errors relied upon for reversal," and, in "cases depending upon the evidence, the leading facts or conclusions which the evidence establishes or tends to prove." The brief of the appellant is quite faulty in these respects, leaving the court to glean from a hundred pages of printed evidence the matters which the rule requires should be succinctly and clearly pointed out. Particularly applicable to cases such as the present is the provision of the rule that "no extended discussion upon a

*mere question of fact* will be permissible in any brief or at the bar, but the brief must refer to the printed case where all evidence bearing upon such leading facts or conclusions may be found."

It cannot, we think, be fairly affirmed that there is any preponderance of evidence, much less a decided one, against the conclusion at which the circuit court arrived. On the contrary, it seems to be well sustained by competent evidence, and while different minds might well arrive at opposite conclusions upon a consideration of the evidence, as appears to have been the case with the municipal and the circuit judge, this does not furnish any ground for reversal of the judgment appealed from. In view of the evidence, we cannot affirm that the conclusion reached by the circuit court is erroneous. We do not think it material or profitable to enter upon a discussion of the evidence. These considerations necessarily lead to an affirmance of the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.